IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SERGIO HERNANDEZ-HERNANDEZ, <br> FRANCISCO JAVIER ROJO-HERNANDEZ, <br> BRAULIO HERNANDEZ-HERNANDEZ, <br> ALEJANDRO MATEO-HERNANDEZ, <br> FIDENCIO HERNANDEZ-HERNANDEZ, <br> and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HENDRIX PRODUCE PRODUCE, INC.; <br> RAYMON EARL HENDRIX, INDIVIDUALLY; <br> and YESENIA MERINO, INDIVIDUALLY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 6:13-cv-53-BAE-GRS |

## **DEFENDANT'S RESPONSE TO MOTION FOR PROTECTIVE ORDER**

COMES NOW, Defendants, HENDRIX PRODUCE, INC. ("Hendrix Produce") and RAYMON EARL HENDRIX, INDIVIDUALLY, ("Hendrix"), by and through its attorneys and hereby files their Response to Motion for Protective Order showing the Court as follows:

Counsel for the Hendrix defendants initially raised the issue taking the plaintiffs' depositions at the first Rule 26(f) conference in October. Plaintiffs' counsel dismissively told counsel for the Hendrix defendants that depositions were not a possibility in this case unless defendants' counsel wanted to go to Mexico to attempt to find plaintiffs and arrange to take their depositions. Plaintiffs' counsel then followed up with a letter setting forth his legal basis for refusing to bring plaintiffs back to the forum. Unlike the letter attached as Exhibit B to plaintiff's motion, the letter sent to the Hendrix defendant's counsel was dated October 10, 2013, not October 8, 2013 and contains slight non-material differences from the one received by the Hendrix defendants' counsel. October 10, 2013 Letter attached as Exhibit A. After plaintiffs'

1

counsel declined to be of any further assistance in arranging depositions, the Hendrix defendants noticed the depositions of plaintiffs on October 31, 2013 to take place on December 16, 2013. Plaintiffs' motion for a protective order followed.

The October letter is the only communication received by the Hendrix defendants on this issue prior to the date of plaintiffs' depositions. Since that time, as plaintiffs' counsel stated in his motion, plaintiffs' counsel has offered to make plaintiff Alejandro Mateo-Hernandez available for deposition in Georgia or Florida in January or February. Defendant's counsel has followed up with plaintiffs' counsel as to where, when, and transportation costs to various cities, but plaintiffs' counsel has yet to respond with anything concrete to set up the deposition.

Ordinarily, a defendant is entitled to depose a plaintiff in the forum where the plaintiff has chosen to sue. Luna v. Del Monte Fresh Produce Inc., 2007 WL 1500269 (N.D. Ga. May 18, 2007). Nonetheless, the court has complete control over the discovery process and can be as inventive as a particular case requires to balance the right of one party for discovery against an undue burden or hardship of another party. DePetro v. Exxon Inc., 118 F.R.D.523, 524 (M.D. Ala. 1988). In making its determination, the Court should weigh the need for discovery against the burden created by the discovery request. See Patrnogic v. United States Steel Corporation, 43 F.R.D. 402, 403 (S.D. N.Y. 1967).

The Court should deny plaintiffs' request for a protective order and allow the depositions to take place in Georgia. While plaintiffs may be indigent, they are still bound by the rules of Civil Procedure and must make themselves available for discovery, including depositions. See Antonio-Candelaria v. Gibbs Farms, 2008 WL 623211 (M.D. Ga. March 4, 2008). As shown by their failure to set forth any initial damages calculations in their Initial Disclosures, plaintiffs have shown at this early stage of the litigation that their Complaint is little more than a fishing

expedition based on assumptions and stereotypes. See Initial Disclosures attached as Ex. B. The Hendrix defendants have already spent a great deal of money defending this case and securing electronic data, much of which being not relevant to plaintiffs' claims. It would be inequitable to also place the financial burden of having to fund a trip to Mexico solely on the Hendrix defendants just to take plaintiffs' depositions.

The need of the Hendrix defendants to depose plaintiffs cannot be discharged just allowing them to do written interrogatories or a telephonic deposition. Plaintiffs' claims against the Hendrix defendants hinge on whether the Hendrix defendants were the joint employers of plaintiffs. The inquiry of joint employment is determined on the totality of the circumstances and is a very fact-intensive analysis. Apolinar Matinez-Mendoza v. Champion Int'l. Corp., 340 F.3d 1200, 1208 (11th Cir. 2003). As such, the Hendrix defendants must be able to examine plaintiffs directly and ask follow-up questions to prepare their defense. Moreover, because of the language barrier, a telephonic deposition would likely prove too confusing for discovery purposes.

If the Court finds depositions in Georgia to be too burdensome to plaintiffs, the Hendrix defendants ask that the Court limit any protective order and tailor it narrowly to the plaintiffs needs. In the first place, a party seeking protective order must, as a prerequisite, certify that he or she has conferred with the non-moving counsel in a good faith effort to resolve the matter. Fed. R. Civ. P. 26(c); see also L.R. 26.5. Plaintiffs' motion contains no such certification. Indeed, other than the letter that was sent to defendants' counsel on October 8, plaintiffs' counsel has refused to communicate with defendants' counsel on this issue and has never put forward any constructive solutions to obtaining the depositions of plaintiffs. Instead, plaintiffs' counsel has been entirely dismissive of the Hendrix defendants' right to obtain discovery from his

clients. Doc 36 at p.2 fn. 3. In fact, the letter from plaintiffs' counsel was the first time plaintiffs even raised the possibility of depositions in Mexico or through electronic means; even then, plaintiffs' counsel has done nothing to show the feasibility of those ideas or to explain how this can be done with his clients. This lack of effort is further demonstrated by counsel's representation to the Court that he is unable to get affidavits from six of his clients. See also Antonio-Candelaria, 2008 WL 623211 at *2 (noting plaintiffs' attorney's apparent inability to regularly communicate with his clients). The Hendrix defendants are concerned about the unwillingness of these plaintiffs to fulfill their obligations in this lawsuit and the plaintiffs' attempt to push the burden of discovery entirely on the Hendrix defendants.

As such, the Hendrix defendants ask that the Court weigh these concerns in crafting any protective order. In particular, the Court should consider ordering that plaintiffs' pay all additional expenses associated with conducting depositions out of the country and be tasked with the burden of finding a suitable venue and qualified personnel to record the deposition and swear in plaintiffs. Such a solution is not without precedent. Indeed, the plaintiffs in Luna, plaintiffs' lead case, offered and were ultimately ordered to pay the expenses for defendants' counsel to travel to Mexico to take plaintiffs' depositions. 2007 WL 1500269 at *3. Those plaintiffs were likewise indigent migrant workers.

Other courts have found similar solutions. See, e.g., Duran v. M.R.R. Land Equity Inc., 112 F.R.D. 648, 648 (M.D. Fla. 1986) (ordering plaintiffs to pay expenses for telephone deposition); DePetro, 118 F.R.D. at 525 (warning that sanctions will be imposed if plaintiff not forthcoming in telephone deposition); Normande v. Grippo, 2002 WL 59427 (S.D. N.Y. January 16, 2002) at *2 (plaintiff to bear costs of telephone depositions and of being sworn in); Patrnogic, 43 F.R.D. at 403 (ordering deposition on written interrogatories and in-person

4

deposition ten days before trial); Abdulla v. Sheridan Square Press, 154 F.R.D. 591, 593 (S.D. N.Y. 1994)(providing that cost of court reporter to be shared and that plaintiffs to pay travel costs and attorneys fees for one lawyer if defendants prevail at trial);[1] Huynh v. Werke, 90 F.R.D. 447, 449 (S.D. Ohio 1981)(ordering plaintiff's attorneys to advance one-half of costs for out-of-country deposition); Palma v. Safe Hurricane Shutters; 2009 WL 653305 (S.D. Fla. March 12, 2009)(ordering plaintiffs pay cost of telephone deposition and cost of notary at deposition location); Cadent Ltd. v. 3M Unitek Corporation, 232 F.R.D. 625, 630 (C.D. Calif. 2005)(ordering moving party to split reasonable costs of deposition). As such, the Court should tailor any protective order to ensure that plaintiffs will be required to uphold their discovery obligations to defendants.

In sum, a protective order should not be issued in this case because plaintiffs should be required to have their depositions taken in the District in which they have filed suit. However, if the Court finds a protective order to be appropriate in this case, the Court should narrowly tailor that order so that plaintiffs are responsible for arranging the depositions and bear the costs of taking the depositions so far away from the Southern District. Plaintiffs should not be allowed to file a Complaint with this Court and subsequently check out of their discovery obligations. Rather, they should be made comply with these obligations as the Court sees fit.

---

[1] The Hendrix defendants do not think this would be a workable solution in this case as recovery of those costs would be nearly impossible.

This 31st day of December, 2013.

Brown Rountree PC

/s/ George H. Rountree
George H. Rountree
Georgia State Bar No. 616205

/s/ Laura H. Wheaton
Laura H. Wheaton
Georgia State Bar No. 751221

Attorneys for Defendants Hendrix Produce and Hendrix
26 North Main Street
Statesboro, GA 30458
(912) 489-6900

Response to Plaintiffs' Motion for Protective Order
CIVIL ACTION NO. 6:13-cv-53-BAE-GRS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SERGIO HERNANDEZ-HERNANDEZ, | ) | |
| FRANCISCO JAVIER ROJO-HERNANDEZ, | ) | |
| BRAULIO HERNANDEZ-HERNANDEZ, | ) | |
| ALEJANDRO MATEO-HERNANDEZ, | ) | |
| FIDENCIO HERNANDEZ-HERNANDEZ, | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 6:13-cv-53-BAE-GRS |
| HENDRIX PRODUCE, INC.; | ) | |
| RAYMON EARL HENDRIX, INDIVIDUALLY; | ) | |
| and YESENIA MERINO, INDIVIDUALLY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Dawson Morton
dmorton@glsp.org

Lisa J. Krisher
lkrisher@glsp.org

Leah Lotto
llotto@glsp.org

J. Larry Stine
jls@wimlaw.com

This 31st day of December, 2013.

                                          BROWN ROUNTREE PC

                                          /s/ George H. Rountree
                                          George H. Rountree
                                          Georgia State Bar No. 616205

                                          /s/ Laura H. Wheaton
                                          Laura H. Wheaton
                                          Georgia State Bar No. 751221

Attorneys for Defendants Hendrix Produce and Hendrix
26 North Main Street
Statesboro, GA 30458
(912) 489-6900

Response to Plaintiffs' Motion for Protective Order
CIVIL ACTION NO. 6:13-cv-53-BAE-GRS



LISA J. KRISHER
DIRECTOR OF LITIGATION

DAWSON MORTON
SENIOR STAFF ATTORNEY

LEAH LOTTO
STAFF ATTORNEY

BILLY PEARD
LAW ASSISTANT

HILARY SMITH
PARALEGAL

# FARMWORKER RIGHTS DIVISION OF
# GEORGIA LEGAL SERVICES PROGRAM®
SERVICIOS LEGALES PARA LOS TRABAJADORES AGRÍCOLAS

104 MARIETTA STREET, SUITE 250
ATLANTA, GEORGIA 30303-2706
(404) 463-1633 FAX (404) 463-1623
1-800-537-7496 (U.S.A.)
001-800-537-7496 (llamada gratis desde México)

http://www.glsp.org

PHYLLIS J. HOLMEN
EXECUTIVE DIRECTOR

BOARD OF DIRECTORS
H. BURKE SHERWOOD
PRESIDENT
MORRIS McKINNEY
VICE PRESIDENT
DAMON ELMORE
VICE PRESIDENT
MARK SCHAEFER
TREASURER
KRIS ORR BROWN
SECRETARY

MARY JEAN MACON
TAMERA WOODARD
AT LARGE

NON-ATTORNEY MANAGEMENT STAFF
THOMAS J. ANTHONY
DIRECTOR OF PROGRAM OPERATIONS/
ASSOCIATE DIRECTOR
CHRIS S. HESTER
DIRECTOR OF FINANCE

October 10, 2013

George H. Rountree
Laura H. Wheaton
Brown Rountree P.C.
26 North Main Street
Statesboro, GA 30458
*Via mail and email to:*
*george@br-firm.com & laura@br-firm.com*

Re: *Location of depositions of migrant farmworker plaintiffs in Sergio Hernandez-Hernandez, et al., v. Hendrix Produce, Inc., et al.*

Dear Mr. Rountree and Ms. Wheaton:

During our Rule 26(f) Conference on October 1st, we briefly discussed depositions and specifically, where depositions would take place should you decide to depose the Plaintiffs. Mr. Rountree asserted that a party is required to present himself for depositions in the venue in which the litigation is pending. I briefly write to point out that the Federal Rules do not afford an absolute right to hold depositions within the United States and I note that courts allow parties to be deposed in their home countries or through alternative means, especially in circumstances where the plaintiffs are indigent migrant workers residing abroad.

As you know, our clients' claims arose during their time spent working under temporary H-2A visas in Georgia during the years 2009-2012. Under the provisions of the H-2A program, your clients, through Ms. Merino, sought temporary workers from Mexico, knowing that the workers were coming to Georgia only temporarily and living permanently in Mexico. *See* 8 U.S.C. §1101(a)(15)(h)(ii)(a) (defining an H-2A worker as an individual "having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States . . ."). Because of the lack of immigration status to return to the U.S. and because they lack funds to cover travel costs, it would be an extreme hardship on our clients were they required to appear for depositions in the U.S.

In *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, the Northern District of Georgia allowed former H-2A workers to be deposed in their home countries of Mexico, noting that "it is relatively simple for defendants to travel to Mexico to conduct depositions," while "it is not only prohibitively expensive for these workers to travel to the United States for depositions, it is also potentially impossible due to their immigration status." *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2007 U.S. Dist. LEXIS 36893, at *9 (N.D. Ga. May 18, 2007). Courts within the Eleventh Circuit have also required depositions

to be taken through contemporaneous electronic transmission – such as telephone or videoconference – where the circumstances would place an unreasonable burden on one party to appear in person. *See, e.g., De Petro v. Exxon*, Inc., 118 F.R.D. 523, 524 (M.D. Ala. 1988) (ordering telephone deposition of plaintiff living in California because she "only had funds to make the trip to Alabama for trial and lacked the financial resources to make an additional trip here for the taking of her oral deposition . . .").

I hope you agree that under the circumstances of this case, it will be necessary to notice depositions of Plaintiffs in their home countries or by alternative means, such as by telephone.

Sincerely,

Dawson Morton,
Counsel for Plaintiffs

cc: Ray Perez

Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SERGIO HERNANDEZ-HERNANDEZ, <br> FRANCISCO JAVIER ROJO-HERNANDEZ, <br> BRAULIO HERNANDEZ-HERNANDEZ, <br> ALEJANDRO MATEO-HERNANDEZ, <br> FIDENCIO HERNANDEZ-HERNANDEZ, <br> and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HENDRIX PRODUCE, INC.; <br> RAYMON EARL HENDRIX, INDIVIDUALLY; <br> and YESENIA MERINO, INDIVIDUALLY, <br><br> Defendants. | CIVIL ACTION NO. <br> 6:13-cv-53-BAE-GRS |

## INITIAL DISCLOSURES

COME NOW HENDRIX PRODUCE, INC. and RAYMON EARL HENDRIX, individually, and hereby make these Initial Disclosures:

1.

The names and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses.

R.E. Hendrix
29592 Highway 129
Metter, GA 30439
912-865-3220
Has information on the farming operations of the first two Defendants

Kevin Hendrix
29592 Highway 129
Metter, GA 30439
912-865-3220
Has information on the farming operations of the first two Defendants

1

Brenda Mercer
Administrative Assistant
Hendrix Produce
29592 Highway 129
Metter, GA 30439
912-865-3220
Has information on the farming operations of the first two Defendants

Joey Collins
Foreman
Hendrix Produce
29592 Highway 129
Metter, GA 30439
912-865-3220
Has information on the farming operations of the first two Defendants

Richard Bazemore
Head Forklift Driver
29592 Highway 129
Metter, GA 30439
912-865-3220
Has information on the farming operations of the first two Defendants

Danny Oliff
Accountant
Oliff & Fordham
3 NE Broad Street
Metter, GA 30439
Has information on the finances of the first two Defendants

2.

A copy or a description by category and location of all documents, electronically-stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses:

**Copies of all checks sent to Yesenia Merino as payment for farm labor are in the possession of Hendrix Produce.**

**Weight tickets and calculations of amounts owing to Yesenia Merino are in the possession of Hendrix Produce.**

**Bank account statements are in the possession of Olliff & Fordham.**

Quickbooks files are in the possession of Brown Rountree PC and Olliff & Fordham.

Letters to Yesenia Merino regarding the number of workers needed are in the possession of Hendrix Produce.

Workers Compensation insurance documents are in the possession of Blount, Burke, Wimberly, & Hendricks Insurors.

Bonds on Yesenia Merino are believed to be in the possession of Blount, Burke, Wimberly, & Hendricks Insurors.

Records of Joey Collins showing number of bins and trucks may be in the possession of Hendrix Produce.

Correspondence with Agworks is in the possession of Hendrix Produce.

3.

Computation of each category of damages claimed by the disclosing party.

N/A.

4.

For inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

On information belief, Yesenia Merino has a bond for the payment of wage discrepancies that may be in her possession.

Respectfully submitted this 15th day of October, 2013.

BROWN ROUNTREE PC

/s/ George H. Rountree
George H. Rountree
Georgia State Bar No. 616205

/s/ Laura H. Wheaton
Laura H. Wheaton
Georgia State Bar No. 751221

Attorney for Defendants Hendrix Produce and Hendrix
26 North Main Street
Statesboro, GA 30458
(912) 489-6900


Initial Disclosures of Hendrix Produce and Hendrix
CIVIL ACTION NO. 6:13-cv-53-BAE-GRS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SERGIO HERNANDEZ-HERNANDEZ, )
FRANCISCO JAVIER ROJO-HERNANDEZ, )
BRAULIO HERNANDEZ-HERNANDEZ, )
ALEJANDRO MATEO-HERNANDEZ, )
FIDENCIO HERNANDEZ-HERNANDEZ, )
and all others similarly situated, )
)
    Plaintiffs, )
)
vs. ) CIVIL ACTION NO.
) 6:13-cv-53-BAE-GRS
HENDRIX PRODUCE, INC.; )
RAYMON EARL HENDRIX, INDIVIDUALLY; )
and YESENIA MERINO, INDIVIDUALLY, )
)
    Defendants. )

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

          Dawson Morton
          dmorton@glsp.org

          Lisa J. Krisher
          lkrisher@glsp.org

          Leah Lotto
          llotto@glsp.org

          J. Larry Stine
          jls@wimlaw.com

This 15th day of October, 2013.

Brown Rountree PC

/s/ George H. Rountree
George H. Rountree
Georgia State Bar No. 616205

/s/ Laura H. Wheaton
Laura H. Wheaton
Georgia State Bar No. 751221

Attorney for Defendants Hendrix Produce and Hendrix
26 North Main Street
Statesboro, GA 30458
(912) 489-6900

Initial Disclosures of Hendrix Produce and Hendrix
CIVIL ACTION NO. 6:13-cv-53-BAE-GRS