UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SERGIO HERNANDEZ-HERNANDEZ,
et al., and others similarly situated,

Plaintiffs,

v.                      6:13-cv-53

HENDRIX PRODUCE, INC., et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Strike the affirmative defenses of Hendrix Produce, Inc., and Raymon Hendrix ("Hendrix"). ECF No. 22. Plaintiffs argue five of Defendants' fifteen affirmative defenses fail for factual and legal insufficiencies. *Id.* Defendants contend that affirmative defenses need only provide adequate notice to Plaintiffs of the assertions that Defendants intend to litigate and thus that Defendants here adequately pled their defenses. ECF No. 25 at 1-5. Because each of the challenged defenses meets the applicable pleading threshold, Plaintiffs' Motion is *DENIED*.

### II. PROCEDURAL BACKGROUND[1]

Sergio Hernandez-Hernandez filed this action in May, 2013, asserting claims related to Hendrix's alleged underpayment of farm workers. ECF No. 1. Defendants Hendrix Produce, Inc. and Raymond Earl Hendrix timely answered, ECF No. 15.

In their answer to the amended complaint, Hendrix pled fifteen defenses, including the following five that Plaintiffs now seek stricken: (1) failure to state a claim; (2) estoppel; (3) waiver; (4) that any minimum wage claim is at most de minimis and subject to dismissal; and (5) that the Fair Labor Standards Act ("FLSA") preempts Plaintiffs' breach of contract claim. ECF Nos. 15 at 1-3; 22.

### III. ANALYSIS
### A. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense." Although reflective of "the inherent power of the Court to prune down pleadings," *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010), motions to strike are drastic, generally disfavored remedies. *EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012). The inquiry, then, focuses on whether a defense is insufficiently pled such that the proper remedy is to strike it from an answer.

The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*[2] have made such analysis murkier. Those cases demanded a higher level of factual particularity from a plaintiff's complaint. *Twombly*, 550 U.S. at 555. This Court must therefore answer two questions:

---

[1] For the factual allegations underlying Plaintiffs' claims, *see* ECF No. 1 at 7-13.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

first, must a defendant plead an affirmative defense with the particularity that *Twombly* and *Iqbal* require? And second, if the *Twombly/Iqbal* standard does not apply, what standard does?

No court of appeals has addressed the first issue, but a majority of district courts have applied *Twombly*'s heightened standard to affirmative defenses. *See, e.g., Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (applying *Twombly* standard to defense of failure to state a claim); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (same). A minority, including this Court, disagree, and refuse to subject those defenses to *Twombly*'s call for particularity. See *Tomason v. Stanley*, ___F.R.D.___, No. 6:13-CV-42, 2014 WL 504399, at *1-3 (S.D. Ga. Jan. 30, 2014).

In this Court's recent analysis, it explained that the starting point for deciding whether the *Twombly* standard applies to defenses is the text of Rule 8. *Thomason*, 2014 WL 504399, at *2. Rule 8(a)(2)—the textual basis for *Twombly*—requires that a "pleading that states a claim for relief . . . contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." By contrast, Rule 8(b) requires responsive pleadings, like answers, to "state in short and plain terms [a party's] defenses to each claim." Rule 8(c) then requires parties to "affirmatively state any avoidance or affirmative defense." So claims for relief must be *shown* by a short and plain statement; defenses must be *stated* in short and plain terms; and affirmative defenses must be affirmatively *stated.* Three linguistically different requirements exist for three different assertions parties make in their pleadings.

Reliance on the plain language of the different rules is well-founded in this context—after all, the Supreme Court relied on the plain text of Rule 8(a) in the *Twombly* opinion itself. *See* 550 U.S. at 556-57 (parsing the Rule's text). That language counsels against importing the *Twombly* standard when analyzing affirmative defenses. One canon of interpretation—*expressio unius est exclusio alterius*—suggests Rule 8's language connotes different pleading standards. *See Joe Ryan Enters.*, 281 F.R.D. at 663. The Rules must be read as a whole, and the text of one provision affects analysis of its neighbor. *See Agility Def. & Gov't Servs. v. U.S. Dep't of Def.*, 739 F.3d 586, 590 (11th Cir. 2013) (emphasizing that text must be read as a whole and construed to give each provision meaning). Applying two legal standards in the context of two differing texts gives meaning to their differences.

The courts that have transferred *Twombly*'s heightened standard have often done so partially for policy reasons. *See, e.g., Racick*, 270 F.R.D. at 234 (considering factors of "fairness, common sense and litigation efficiency" in deciding proper standard). To the extent the language of the Rules is discernable or definite, the text alone governs any decision. "The judiciary is commissioned to interpret the Rules as they are written, not to re-draft them when it may be convenient." *Joe Ryan Enters.*, 281 F.R.D. at 663.

Yet even if prudential factors were considered, they would counsel the adoption

2

of two different standards for Rules 8(a)(2) and 8(c). Other courts have found it unfair that a plaintiff and a defendant would stand on unequal footing in their initial pleadings. *See Racick*, 270 F.R.D. at 234. But a plaintiff may have years to develop and research her claims before filing a complaint, while a defendant often has only twenty-one days to respond. Fed. R. Civ. P. 12(a)(1). Holding that defendant to a lower standard of factual specificity is both fair and sensible. More fundamentally, plaintiffs bear the initial burdens of production and proof and must advance their cases through the judicial system. Their higher standard of pleading specificity mirrors their higher initial burden in the litigation at large.

This Court therefore declines to import *Twombly*'s heightened pleading standard into the Rule 8(c) arena.

Although this Court adopts a lenient view on the factual specificity required for a Rule 8(c) pleading, some standard must still govern Rule 12(f)'s application. That standard is malleable and situational—commentators have noted that it is "impossible to reduce the variegated judicial practice under Rule 12(f) to a simple or easily applied formula." *Motion to Strike—Insufficient Defense*, 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.). An affirmative defense should survive if it comports with Rule 8(c)'s purpose—"guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial. . ." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988); *see also, e.g., Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *5 (S.D. Fla. Apr. 26, 2013). Affirmative defenses perish when they do not provide such basic notice. And the Court may exercise some leeway in deciding what constitutes proper notice and in ensuring that pleadings are "construed so as to do justice." Fed. R. Civ. P. 8(e).

Many courts have also held that even a well-pleaded defense should be struck if it cannot apply to the case at issue. For example, courts have struck defenses that would not constitute a valid defense under facts alleged, defenses previously eliminated in other litigation or on a prior motion, or defenses that have already been withdrawn. *See, e.g., Butler v. Adoption Media, LLC*, No. C 04-0135, 2005 WL 1513142, at *5 (N.D. Cal. June 21, 2005). In cases where settled law clearly forecloses an affirmative defense, courts will strike that defense. *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982). But courts are reticent to strike a marginal defense as legally insufficient without allowing defendants some benefit of discovery to develop that defense. *See, e.g., Alyshah v. Hunter*, No. 1:06-CV-0931, 2006 WL 2644910, at *3 (N.D. Ga. Sept. 13, 2006). With these guiding principles in mind, the Court turns to the five affirmative defenses that Plaintiff wishes to strike.

### B. Affirmative Defenses
*1. First Defense: Failure to State a Claim upon which Relief can be Granted*

Defendants' first affirmative defense is that Plaintiffs "fail to state a claim upon which relief can be granted." ECF No. 15 at 1. Plaintiffs argue both that such an

3

assertion must be made by motion pursuant to Rule 12(b)(6), and that the defense is "merely a recitation" of the applicable standard in a motion to dismiss. ECF No. 22 at 3. Defendants contend that the defense may be raised in a pleading and that they have provided adequate factual specificity. ECF No. 25 at 5-6.

The Court rejects Plaintiffs' assertion that a Motion to Dismiss under Rule 12(b)(6) may *only* be made by motion. The Rule's plain text requires only that if a defendant chooses to file a motion, he must do so before submitting a responsive pleading. Fed. R. Civ. P. 12(b).

But the First Defense is not an affirmative defense because failure to state a claim "is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Other courts have similarly held that this broad principle applies specifically to pleadings that treat failure to state a claim as an affirmative defense. *See, e.g., F.T.C. v. Johnson*, No. 2:10-cv-002203, 2013 WL 4039069, at *3 (D. Nev. Aug. 5, 2013); *Biscayne Cove Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23728-CIV, 2013 WL 2646799, at *11 (S.D. Fla. June 12, 2013) (noting that defense was not true affirmative defense and deeming it a denial); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

However, the Court notes that Defendants were entitled to assert the substance of this defense in their Answer. Fed. R. Civ. P. 12(b)(6). Other courts in similar situations have acknowledged that while failure to state a claim is not an affirmative defense, it may serve as a specific denial. *See Biscayne Cove*, 2013 WL 2646799, at *11. Therefore, the Court *DENIES* the Motion to Strike the First Defense but views that defense as a denial.

2. *Fourth and Seventh Defenses: Estoppel and Waiver*[3]

In the Fourth and Seventh Defenses, Defendants assert that Plaintiffs have waived or should be estopped from asserting some of the claims in their complaint. ECF No. 15 at 2. Plaintiffs argue that the FLSA does not permit waiver and that the defense contains insufficient detail. ECF No. 22 at 3-4. Defendants counter that some courts have acknowledged waiver as an FLSA defense, that estoppel is a well-known contract defense, and that the Court should decline to strike the defense at the early pleading stage. ECF No. 25 at 6-7.

Plaintiffs cite authorities demonstrating that waiver and estoppel do not bar *some* FLSA actions. For example, Plaintiffs show that they could not have contractually waived their FLSA rights. *See, e.g., Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319-20 (S.D. Fla. 2005).

---

[3] Both Plaintiffs and Defendants combined the Fourth and Seventh Defenses in their respective motions. The Court therefore analyzes them together.

4

However, waiver and estoppel are not universally inapplicable to FLSA actions. Courts have applied those defenses in narrow factual circumstances. *See, e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1326 (5th Cir. 1972) (estopping claim based on plaintiff's proffer of false data to employer). Further, the Court notes that 29 U.S.C. § 216(c) specifically provides for a waiver defense if the Secretary of Labor has previously negotiated a settlement with affected workers.

Plaintiffs' Reply asks the Court to assume that this is not the sort of case where waiver could apply without the benefit of discovery. ECF No. 29 at 2-3. But authority that Plaintiffs have cited shows that after discovery, courts may revisit the estoppel and waiver defenses and strike them before trial if necessary. *See Ojeda-Sanchez v. Bland Farms, LLC*, No. 608CV096, 2010 WL 3282984, at *17-18 (S.D. Ga. Aug. 18, 2010). Because factual scenarios exist where the defenses apply, and because Defendants might unearth those facts during discovery, the Motion to Strike the Fourth and Seventh Defenses is *DENIED*.

### 3. Tenth Defense: Plaintiffs' Claims are De Minimis

Defendants next assert that "[a]ny minimum wage claim is at most de minimus under applicable law and thus subject to dismissal." ECF No. 15 at 2. Plaintiffs allege that their claims center on true hourly under-compensation and not on unpaid de minimis time. ECF No. 22 at 4-5. Defendants argue that some requested relief might be based on claims that fall within the de minimis exception. ECF No. 25 at 7-8.

Courts have found that the FLSA does not compensate workers for brief periods of off-duty time spent working. *See, e.g., Burton v. Hillsborough Cnty.*, 181 F. App'x 829, 838-39 (11th Cir. 2006). But the exception is limited and relies heavily on the individual facts of a given case, *see id.*, and upon whether the statute in question asks the Court to examine time periods that may indeed be "trifles." *Sandifer v. U.S. Steel Corp.*, 134 S. Ct. 870, 880 (2014). Courts may consider "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Burton*, 181 F. App'x at 838 (quoting *Lindlow v. U.S.*, 738 F.2d 1057, 1063 (9th Cir. 1984)).

Though Plaintiffs' complaint is best read to primarily allege hour-by-hour underpayment, it is possible that the de minimis exception might apply to certain claims. Plaintiffs are correct that it would not fundamentally bar a claim that the Defendants failed to pay the proper hourly wage. But the de minimis exception relies on the presence or absence of specific facts that discovery can illuminate. Further, the affirmative defense puts the Plaintiffs on notice that Defendants will invoke the de minimis exception if it applies. The Motion to Strike the Tenth Defense is *DENIED*.

### 4. Fourteenth Defense: State Claims Preempted by FLSA

Defendants' Fourteenth Defense is that to whatever extent Plaintiffs' contract claims are congruent to their FLSA claims, the FLSA preempts contract recovery. ECF No. 15 at 3. Plaintiffs say that the Eleventh

Circuit allows no FLSA preemption of contract claims. ECF No. 22 at 5. Defendants maintain that the FLSA can preempt some contract claims that rely on FLSA elements but seek to broaden a plaintiff's array of potential remedies. ECF No. 25 at 8.

The Eleventh Circuit has held that the FLSA does not pre-empt a "state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA." *Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994). However, it does bar a claim that relies directly on the FLSA. *Id.* From these principles, it appears highly unlikely that the FLSA would bar Plaintiffs from alleging that they had not been paid a contractually-owed rate that the FLSA did not prescribe.

But Plaintiffs' complaint, under its breach of contract sub-heading, notes that the contract obligated Defendants to pay federal minimum wage. ECF No. 1 at 14. The pleadings, therefore, at least make credible the idea that this contract was inextricably intertwined with FLSA mandates. The Court does not rule on that issue today, but it finds the contention credible enough to survive this notice-pleading phase.

Therefore, the Motion to Strike the Fourteenth Defense is ***DENIED***.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion and Brief to Strike Affirmative Defenses is ***DENIED*** as to Defendants' First, Fourth, Seventh, Tenth, and Fourteenth Defenses. The First Defense is deemed a denial.

This ___ day of February 2014.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA