# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

SERGIO HERNANDEZ, *et al.*,   )
                              )
    Plaintiffs,           )
                              )
v.                            )  Case No. CV613-053
                              )
HENDRIX PRODUCE, INC.;        )
RAY EARL HENDRIX,             )
individually; and YESENIA     )
MERINO, individually,         )
                              )
    Defendants.           )

## ORDER

Mexican migrant workers brought this farmworker rights case against agricultural defendants for underpayment.[1] As noted in prior

---

[1] From the first two paragraphs of their complaint:

1. Plaintiffs and Opt-In Plaintiffs are migrant agricultural workers recruited by Defendants in Mexico in 2009, 2010, 2011 and 2012 to work for Defendants in and around Candler County, Georgia. Plaintiffs file this action on behalf of themselves and other similarly-situated workers to secure and vindicate their rights under the Fair Labor Standards Act ("FLSA") and under Georgia contract law.

2. Defendants were sued for the same violations in 2010. *Garcia-Mancha, et al., v. Hendrix Produce, Inc., et al.*, 6:10-CV-36 (S.D.Ga.). However, Defendants continue to underpay their workers in violation of the FLSA and their employment contracts, including by falsifying daily hours worked and by

discovery orders, a core focus of their case is whether the Hendrix defendants acted as joint employers with co-defendant Yesenia Merino. That inquiry is fact-specific. *See, e.g., Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2008 WL 754452 at * 1 (N.D. Ga. Mar 19, 2008). Various factors are considered. *Gonzalez-Sanchez v. Int'l Paper Co.*, 346 F.3d 1017, 1023 (11th Cir. 2003) (holding that defendant did not jointly employ plaintiffs where there was no evidence that it issued paychecks, withheld taxes, or provided insurance, housing, transportation, or tools to plaintiffs).

It is against this background that the Hendrix defendants move to quash plaintiffs' subpoena of their bank records. Doc. 43. They complain that it seeks too much -- everything from loan applications to UCC filings, documentation about loan collateral, front-and-back copies of checks, etc. *Id.* at 1-3. They also invoke formal privacy protection remedies like the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§

---

forcing workers to endorse and cash checks and then return the money to their supervisors.

Doc. 1 at 1.

3401–3422, doc., 43 at 4, which plaintiffs correctly show do not apply.[2] Doc. 50 at 2-4. Insisting that the subpoena is "intrusive, overbroad" and involves "privileged and protected matters," defendants also argue that it seeks data "not relevant to any claim or defense,"[3] nor reasonably calculated to lead to any discoverable information. Doc. 43 at 3-7.

---

[2] The RFPA "was enacted in response to a pattern of *government* abuse in the area of individual privacy and was intended to protect customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity by requiring federal agencies to follow established procedures when seeking a customer's financial records." 10 AM. JUR. 2D BANKS AND FINANCIAL INSTITUTIONS § 90 (Feb. 2014) (emphasis added). It thus does not apply to private litigants, whose targets are otherwise free to invoke protective orders. *See, e.g., H & L Associates of Kansas City, LLC v. Midwestern Indem. Co.* 2013 WL 5913758 at * 5 (D. Kan. Nov. 1, 2013) ("[P]rivacy concerns are not an issue because a protective order has been entered."); *Welle v. Provident Life and Accident Insurance Company*, 2013 WL 5954731 at * 3 (N.D. Cal. Oct. 30, 2013) ("[B]ecause the parties have stipulated to a confidentiality agreement and protective order in this case . . . the court finds that Plaintiff's right to privacy will be adequately protected notwithstanding disclosure of her financial information.").

[3] "It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under [Fed. R. Civ. P.] 26." *Ross v. Livingston*, 2012 WL 4862827 at * 1 (M.D. Ga. Oct. 12, 2012) (quotes and cite omitted); *accord, Addona v. Parker Hannifin Corp.* 2014 WL 788946 at * 1 (D. Conn. Feb. 25, 2014); *see also id.* ("Any subpoena that is issued to non-parties pursuant to Rule 45 is 'subject to Rule 26(b)(1)'s overriding relevance requirement.") (quotes and cite omitted); 9A WRIGHT & MILLER: FED. PRAC. & PROC. CIV. § 2459 (3d ed. 2013). Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *Avalon Risk Management Ins. Agency v. Taylor*, 2014 WL 808156 at * 3 (S.D. Fla. Feb. 28, 2014). "The standard for what constitutes relevant evidence is a low one." *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002). But it is driven by what is pled in the complaint.

3

*Downing v. Billy Barnes Enterprises*, 2013 WL 1857113 at * 3 (S.D. Ala. May 2, 2013). And it is a more relaxed standard than for at-trial evidence. *Jackson v. Deen*, 2013 WL 2027398 at * 1 (S.D. Ga. Apr. 3, 2013). Before the 2000 amendment to Rule 26 many sought to bar fishing expeditions: "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

Under the 2000 amendment, "information [now] must be relevant to be discoverable, even though inadmissible, and . . . discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence." 8 WRIGHT & MILLER: FED. PRAC. & PROC. CIV. § 2007 (3d ed. Apr. 2013). Yet, "the boundaries defining information that is relevant to the subject matter involved in the action are necessarily vague and it is practically impossible to state a general rule by which they can be drawn." 8 WRIGHT & MILLER: FED. PRAC. & PROC. CIV. § 2008 (3d ed. Apr. 2013). Some courts use a two-step approach. "Step one is attorney-managed discovery relevant to any claim or defense of a party; step two is a court-managed discovery that can include information relevant to the subject matter of the action." *Moreno Rivera v. DHL Global Forwarding*, 272 F.R.D. 50, 54 (D.P.R. 2011) (quotes and cite omitted). So "when a party objects to discovery requests as being impermissibly overbroad, 'the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.' Fed.R.Civ.P. 26 advisory committee's note (2000), subdivision (b)(1)." *Id.* "Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

Rule 26(c) allows the Court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Among the relevant factors to be balanced are considerations of the public interest, the need for confidentiality, and privacy interests." *Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc.*, 2014 WL 323939 at * 2 (D. Puerto Rico Jan. 29, 2014) (quotes and cite omitted). "The burden is upon the party seeking [judicial protection] to show good cause by demonstrating harm or prejudice that will result from the discovery." *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940 at * 4 (D. Nev. Nov. 22, 2013).

The Hendrix defendants' bank -- Queensborough National Bank & Trust Company -- also moves to quash the subpoena and for a protective order. Doc. 45. It complains that it's being short timed -- just given 22 days to comply after a mailed discovery request. *Id.* at 1. Compliance will be expensive, it points out, and it should not have to bear the sole expense. *Id.* at 1-2. Given sufficient time and reimbursement, it otherwise does not object. *Id.* at 2.

Plaintiffs oppose both motions, reminding that the bank had no problem responding to a nearly identical subpoena -- in less than two weeks at that -- three years ago. Doc. 50 at 1-2. Nor do the Hendrix defendants articulate "a single example that might suggest the existence of private and sensitive matters." *Id.* at 2. In a reply brief strongly suggesting that counsel should have resolved this under their duty to confer,[4] the Hendrix defendants concede much of this matter. In

---

[4] *See* Local Rule 26.4 ("[c]ounsel are reminded that Fed. R. Civ. P. (26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."). That rule is enforced. *Scruggs v. Int'l Paper Co.*, 2012 WL 1899405 at * 2 (S.D. Ga. May 24, 2012). And while motions to quash, rather than to compel, are before the Court, requiring meaningful consultation can lead to informal resolution and thus conservation of court resources. *St. Johns Ins. Co. v. Nautilus Ins. Co.*, 2008 WL 1897572 at * 1 (M.D. Fla. Apr. 28, 2008) (applying duty to confer obligation

addition to abandoning their statutory and other formal defenses like the RFPA, they say this: "While some of the materials sought by plaintiffs may be relevant to the inquiry of joint employment, plaintiffs should not be allowed to use their requests as a license to view financial information that is in no way relevant to their claims or that will not provide information as to their claims." Doc. 57 at 1; *see also id* at 4-5 (conceding subpoena document requests 3 & 4 outright and requests 1 & 5 with respect to any Raymon Hendrix documents). Hence, the Hendrix defendants concede *some* relevance. Their quash motion is denied to the extent of their concessions.

---

to motions to quash and to compel in a subpoena-based discovery dispute).

Relatedly, defendant Merino also moves to quash plaintiffs' subpoena to her cell phone carriers for text messages and call data. Doc. 60. While the time for plaintiffs to respond to that motion has not yet elapsed, the Court is denying it without prejudice to Merino's right to refile it *after* the parties have upheld their duty to confer. *Avera v. United Airlines, Inc.*, 2012 WL 794160 at * 2 (11th Cir. Mar. 13, 2012) (magistrate judge did not abuse his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271 at * 8 (E.D. Mo. Apr. 13, 2012) (rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

It is granted, however, with respect to any loan documents between the Hendrix defendants and Queensborough Bank which do *not* involve co-defendant Merino. Doc. 57 at 3. It also is granted regarding any Mary and Kevin Hendrix financial information -- they are not defendants in this case and there is no showing that they in some way enmeshed their finances with the Hendrix defendants, much less in a manner evincing the economic intertwinement that plaintiffs must show. But if plaintiffs can make a relevancy showing for those documents, then they must first confer with defense counsel before re-subpoenaing. Defendants are instructed to assist in the turnover any such documents -- without need for a subpoena -- if that showing in fact is made.

Accordingly, defendants' proposed "subpoena production" list on pages 3-4 of their reply brief is adopted here, except that Request 2 is *not* quashed outright, but only to the extent it reaches any Mary and Kevin Hendrix loan application documents. Note, incidentally, the equal treatment rule: Any documents successfully blocked here "will be precluded from [use] as a defense to any of plaintiff's claims." *Krouse v.*

*Ply Gem Pacific Windows Corp.*, 803 F. Supp. 2d 1220, 1231 (D. Or. 2011).

The bank's motion to quash (doc. 44) is granted only to this extent: Within 11 days of the date this Order is served, the bank must contact and in good faith confer with plaintiffs' counsel to resolve the production, delivery, and expense concerns that is has raised.[5] *See supra* n. 4. Only if that conference bears no fruit may plaintiffs return to this Court for subpoena enforcement.

To summarize, the Court **GRANTS** in part and **DENIES** in part the Hendrix defendants' motion to quash (doc. 43), as well as the Queensborough National Bank & Trust Company's motion to quash. Doc. 45. Defendant Merino's motion to quash (doc. 60) is **DENIED** without prejudice to refile it after upholding her duty to confer.

---

[5] One of its objections is document-production expense. Doc. 44 at 1. Under the Federal Rules, "the presumption is that the responding party must bear the expense of complying with discovery requests," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978), but the Federal Rules protect subpoenaed *non-parties* like the bank from "undue burden or expense." Fed. R. Civ. P. 45(d)(1)), 45(d)(3)(A)(iv). Hence, "[c]ost-shifting is particularly appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties." *U.S. Bank N.A. v. PHL Variable Ins. Co.*, 2012 WL 5395249 at * 4 (S.D.N.Y. Nov. 5, 2012). In that the 2013 amendment to Rule 45 applies here, plaintiffs are reminded that this Court *must* shift to them any non-party's subpoena compliance costs if they are significant. Rule 45(d)(2)(B)(ii); *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

*Hernandez v. Hendrix Produce, Inc.*, ___ F.R.D. ___, 2014 WL 92459 at * 2 (S.D. Ga. Jan. 9, 2014) (reminding the parties that this duty is *commanded* by local rule); *State Farm Mut. Auto. Ins. Co. v. Howard*, ___ F.R.D. ___, 2013 WL 6834364 at * 5 n. 11 (S.D. Ga. Dec. 27, 2013) (the conference must also be meaningful; more than a "we met and talked" certification is needed); *supra* n. 4.

**SO ORDERED**, this 10th day of March, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA