# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

SERGIO HERNANDEZ-HERNANDEZ, et al., and all others similarly situated,

Plaintiffs,

v.  6:13-cv-53

HENDRIX PRODUCE, INC., et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiffs have filed their Motion for Approval of Collective Action Notice. ECF No. 51. In its previous order, ECF No. 49, the Court granted conditional class certification to the Plaintiffs and ordered the parties to confer about amendments to the collective action notice. The Court previously concluded that "the [Defendants'] proposed additions and clarifications . . . will result in a clearer, more balanced notice to potential class members." *Id.* at 2. The parties still disagree about the content of the heading. ECF Nos. 51; 61. After a de novo review of the matter in light of the parties' most recent arguments, the Court concludes that the Defendants' version of the collective action notice is most consistent with the pleadings, and the Court ***DENIES*** the motion.

### II. ANALYSIS

Plaintiffs propose the heading of the opt-in notice to read "To: All workers who performed work with Hendrix Produce, R.E. Hendrix and Yesenia Merino during the 2011 and 2012 H-2A Contracts." ECF No. 51-4 at 2. Defendants' version replaces the first word, "All," with "H-2A," effectively limiting the class members to migrant workers. ECF No. 61 at 3.

The opt-in notice should be consistent with the pleadings and briefing, and should be truthful, accurate, and balanced. *Earle v. Convergent Outsourcing, Inc.*, No. 2:12-CV-1050-WKW, 2013 WL 6252422, at *5-7 (M.D. Ala. Sept. 5, 2013) (citing *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1344 (N.D. Ga. 2007)).

A thorough review of the Complaint, ECF No. 1, reveals that the Plaintiffs heavily rely upon their status as foreign H-2A laborers working under H-2A contract in this action. "Plaintiffs and Opt-In Plaintiffs are migrant agricultural workers . . . ." *Id.* at ¶1. "The Plaintiffs and other similarly-situated workers accepted the employment offer by signing up with agents of the Defendants in Mexico." *Id.* at ¶ 57. *See also id.* at ¶¶59-64, 94, 99-100. While domestic laborers may be able to sue for similar Fair Labor Standards Act violations related to hourly payment, the recovery of travel expenses pursuant to the H-2A program will not be applicable to domestic workers, and these unpaid expenses are alleged as damages in both counts of the Complaint. *Id.* at ¶¶ 88, 100. Limiting the scope of the collective action notice to H-2A workers will keep the form consistent with the pleadings.

### III. CONCLUSION

The Court ***DENIES*** the Motion for Approval of Collective Action Notice. The Parties shall style the heading in the manner

proposed by the Defendants, replacing the word "All" with "H-2A." *See* ECF No. 61 at 3.

This 29 day of May 2014.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA