IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION



SERGIO HERNANDEZ-HERNANDEZ, et al., and all others similarly situated,

Plaintiffs,

v.

HENDRIX PRODUCE, INC., et al .,

Defendants.

CIVIL ACTION NO.: 6:13-CV-53

**CONSENT ORDER & FLSA FAIRNESS DETERMINATION**

Plaintiffs and Opt-In Plaintiffs (hereinafter collectively referred to as "Plaintiffs") and Defendants Hendrix Produce, R.E. Hendrix ("Hendrix Defendants") and Yesenia Merino ("Defendant Merino") (collectively "Defendants") agree to resolve all disputes and enter into the following Consent Order:

1. For purposes of this agreement, "Plaintiff" is composed of the following individuals: Sergio Hernandez-Hernandez, Braulio Hernandez-Hernandez, J. Ascencion Perez-Sanchez, Martin Juarez-Briceno, Santos Hernandez-Aniceto, Daniel Zarazua-Rubio, Alejandro Romero-Garcia, Alejandro Mateo-Hernandez, Valerio Martinez-Garcia, Fidencio Hernandez-Hernandez, Angel Hernandez-Rivera, Francisco Javier Rojo-Hernandez, Octavio Hernandez-Hernandez, Clemente Morales-Arcadio, Carlos Francisco Hernandez-Rojo, Antonio Hernandez-Hernandez, Juan Pablo Romero-Cortez, Genaro Brigido-Hernandez, Jonatan Bautista-Martinez, Oscar Ramos-Vasquez, Eliceo Perez-Gomez, Celestino Enrique-Benita, Douglas Perez-Perez, Pedro Perez-Lucas, Tomas Munoz-Martinez, Moises Landaverde-Hernandez, Luis Lugo-Guillen, Niguer

Yovani Martinez-Lopez, Juan Pedro Hernandez-Ramos, and Raul Ramirez-Valencia.

2. It is understood and agreed that the Court shall enter this agreement as a Consent Order and the parties condition their agreement on the Court's retention of jurisdiction for a period of two years to enforce the terms of this agreement. The parties agree to use their best efforts to obtain entry of this Consent Order by the Court.

3. Upon receiving payment as described in paragraph 3 below, Plaintiffs will file a notice to inform the Court that the judgment may be marked as satisfied.

4. Defendants agree to entry of judgment in the amount of sixty-three thousand, eight hundred and seventy-two dollars ($63,872). The judgment amount shall be made payable to the Georgia Legal Services Program, Client Trust Account for the benefit of the Plaintiffs and Opt-in Plaintiffs, as detailed in Exhibit A. An additional thirty-eight thousand three hundred and fifteen dollars ($38,315) is payable as attorney's fees ($19,315) and costs ($19,000) and shall be made payable to Georgia Legal Services Program. Both payments shall be received in Atlanta by Plaintiffs' counsel within 15 days after execution of this agreement by counsel.

5. The portions to each Plaintiff and Opt-In Plaintiff are attached as Exhibit A to this Agreement & Order.

6. Defendants agree to comply with the FLSA and the H-2A program regulations and the specific sections at issue in this lawsuit, including the following description of what costs are to be reimbursed in the first workweek:
   a. Defendants will properly record and compensate for all compensable work performed in the field or packing shed, including all compensable time spent planting or harvesting, time spent traveling between fields or work

locations, and time workers are engaged to wait, under either or both the highest applicable wage rate of the Fair Labor Standards Act, 29 U.S.C. § 206(a), and the H-2A program's Adverse Effect Wage Rate, 20 C.F.R. §§ 655.103(b) and 655.122(l);

b. Defendants will specifically make, keep and preserve the start and stop time for all workers and will record the actual start and stop times of any non-compensable meal breaks in accordance with 29 C.F.R. § 785.18;

c. Defendants will comply with their Fair Labor Standards Act's obligations to reimburse in the first work week of each season each worker who has incurred costs to come to work for the employer, including transportation costs (both travel and subsistence expenses), lodging costs, visa and visa application fees, recruitment and processing fees; and

d. Defendants will comply with the contractual requirement that if the employee's total pay for the pay period from piece rate earnings divided by his total hours worked at piece rate during that pay period results in average hourly earnings of less than the guaranteed AEWR (20 C.F.R. § 655.122(l)(2)) hourly rate, the worker will be provided build-up pay to the guaranteed AEWR minimum hourly rate.

7. Defendant Hendrix Produce, Inc. agrees to take all necessary steps to meet their farmworker hiring needs for the full onion harvest through the H-2A program in 2015 and 2016 with job orders submitted in the name of an entity controlled by Hendrix Produce, Inc. and/or R.E. Hendrix, but not under the name of a labor contractor.

8. Hendrix Defendants agree to change the recruitment, time recording, and payroll process so that Defendant Merino and Oswaldo Rea do not recruit for, recommend for, or prepare the list of workers to return, and alter the time and work recording system so that Defendant Merino and Oswaldo Rea do not record work, engage in timekeeping, or otherwise have involvement in determining the amount of compensation workers receive.

a. Defendants agree to alter the recruitment system for 2015 and 2016 in the following two ways:

i. Defendants shall provide a signup sheet at the farm, not controlled by supervisors, prior to the end of each season to allow workers to sign up to return for the subsequent season; and

ii. Plaintiffs' counsel will provide a returning worker form which workers may fax to Defendants' counsel to be included on the list of workers to return.

b. Defendants agree to rehire any Plaintiff who applies for work according to either of the two methods described above for 2015 and 2016.

9. To prevent workers from being forced to pay large hiring, processing or application fees in Mexico or Guatemala, Defendants agree to use a recognized service or persons for recruiting workers and preparing visa application forms, and to compensate this service directly; Defendants further agree to bar the service or persons from charging workers any additional recruitment fee.

10. Hendrix Defendants will issue all necessary reimbursement payments to H-2A workers directly and will not seek to recover the reimbursement from the workers.

11. Defendants will not retaliate or discriminate against any worker in violation of 29 U.S.C. § 215(a)(3) or 20 C.F.R. § 655.135(h).

12. Hendrix Defendants will provide, on a weekly basis, Plaintiffs' attorney with the payroll records for the field workers employed by Hendrix Produce, Inc. and/or R.E. Hendrix or an entity controlled by either, during 2015 and 2016.

13. For 2015 and 2016, Defendants agree to rehire any Plaintiff who requests work for the harvest season.

14. This Consent Order constitutes the entire agreement between and among the parties, and no change or additional term shall have any force or effort unless written and signed by all parties or their authorized counsel and entered by the Court. No oral understandings, statements, promises or inducements contrary to the terms of this agreement exist.

15. Plaintiffs further agree that they hereby release and discharge any other claims which could have been brought relating to their pay or reimbursements while employed by Defendants or which necessarily should have been brought as part of the claims asserted in this suit. In addition, Plaintiffs Juan Pedro Hernandez-Ramos and Raul Ramirez-Valencia release their 2013 pay and reimbursement claims.

16. This Consent Order is to be construed and governed under the laws of the state of Georgia and shall bind the parties and their respective heirs, estates, successors, assigns, and affiliates.

17. If any provisions are determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect except: 1) that if the settlement is not approved as a fair and reasonable resolution then this agreement is voidable at the election of either party, and 2) that the Court's retention of jurisdiction, as described in Paragraphs 1-2 above, is a non-severable term of this agreement and the Court's failure to retain jurisdiction for the purpose of enforcing this agreement shall render this agreement void for all purposes.

18. Respective counsel for the parties have express authority to enter into this Consent Order on behalf of their clients, pursuant to O.C.G.A. § 15-19-5.

Having scrutinized the settlement and determined that the settlement is fair and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

Exhibit A

| | Last name | First name | Year | Total damages |
|---|---|---|---|---|
| 1 | Hernandez-Hernandez | Sergio | 2012 | $ 5,036.00 |
| | | | 2011 | |
| | | | 2010 | |
| | | | 2009 | |
| 2 | Hernandez-Hernandez | Braulio | 2012 | $ 5,036.00 |
| | | | 2011 | |
| | | | 2010 | |
| | | | 2009 | |
| 3 | Perez-Sanchez | J. Ascencion | 2012 | $ 5,005.91 |
| | | | 2011 | |
| | | | 2010 | |
| | | | 2009 | |
| 4 | Jaurez-Briceno | Martin | 2012 | $ 2,779.78 |
| | | | 2010 | |
| 5 | Hernandez-Aniceto | Santos | 2012 | $ 2,447.32 |
| | | | 2011 | |
| 6 | Zarazua-Rubio | Daniel | 2012 | $ 1,802.23 |
| | | | 2010 | |
| 7 | Romero-Garcia | Alejandro | 2012 | $ 2,030.31 |
| | | | 2010 | |
| 8 | Mateo-Hernandez | Alejandro | 2012 | $ 1,848.67 |
| | | | 2011 | |
| 9 | Martinez-Garcia | Valerio | 2012 | $ 1,346.56 |
| 10 | Hernandez-Hernandez | Fidencio | 2012 | $ 2,139.23 |
| 11 | Hernandez-Rivera | Angel | 2012 | $ 2,139.23 |
| 12 | Rojo-Hernandez | Francisco Javier | 2012 | $ 1,851.27 |
| 13 | Hernandez-Hernandez | Octavio | 2012 | $ 1,425.23 |
| 14 | Morales-Arcadio | Clemente | 2012 | $ 1,425.23 |
| 15 | Hernandez-Rojo | Carlos Francisco | 2012 | $ 1,845.27 |
| 16 | Hernandez-Hernandez | Antonio | 2012 | $ 1,902.64 |
| 17 | Romero-Cortez | Juan Pablo | 2012 | $ 1,412.44 |
| 18 | Brigido-Hernandez | Genaro | 2012 | $ 1,538.00 |
| 19 | Bautista-Martinez | Jonatan | 2012 | $ 1,080.11 |
| 20 | Ramos-Vasquez | Oscar | 2012 | $ 1,520.77 |
| 21 | Perez-Gomez | Eliceo | 2012 | $ 1,504.64 |
| 22 | Enrique-Benita | Celestino | 2012 | $ 1,574.95 |
| 23 | Perez-Perez | Douglas | 2011 | $ 3,247.36 |
| 24 | Perez-Lucas | Pedro | 2011 | $ 3,061.40 |
| 25 | Munoz Martinez | Tomas | 2010 | $ 753.40 |
| 26 | Landaverde Hernandez | Moises | 2010 | $ 1,102.74 |
| 27 | Lugo Giullen | Luis | 2010 | $ 1,329.61 |
| 28 | Martinez-Lopez | Niguer Yovani | 2011 | $ 1,685.94 |

| | | | | | |
|---|---|---|---|---|---|
| 29 | Ramirez | Raul | 2010<br>2013 | $ 2,000.00 | |
| 30 | Hernandez Romero | Juan Pedro | 2010<br>2013 | $ 2,000.00 | |
| | | | | $ 63,872.26 | **TOTAL** |

1982), IT IS THEREFORE ORDERED that all foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Order.

SO ORDERED this 9 day of OCT 2014.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Respectfully submitted and consented to this 9th day of September, 2014.

Dawson Morton
Georgia Bar No. 525985
Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA 30303
Phone: (404) 463-1633
Fax: (404) 463-1623

Attorney for Plaintiffs

Laura H. Wheaton
Brown Rountree P.C.
26 North Main Street
Statesboro, GA 30458
Phone: (912) 489-6900

Counsel for Defendants Hendrix Produce, Inc. and Raymon Earl Hendrix

Raymond Perez
Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, GA 30326
Phone: (404) 365-0900

Counsel for Defendant Yesenia Merino